**Affirmed and Memorandum Opinion filed July 23, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-23-00564-CV

---

## TRACY BROWN, Appellant

## V.

## DISCOVER BANK, Appellee

---

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1171608**

---

## MEMORANDUM OPINION

This is a pro se appeal from a final judgment rendered after a trial by jury. Six issues are presented, but for the reasons given below, we overrule each of them and affirm the trial court's judgment.

## BACKGROUND

This case arises out of a credit card debt.

Tracy Brown became a cardmember with Discover Bank in 2005. In 2020, he defaulted on his payments. Discover then closed his account and brought this suit for breach of contract.

Discover moved for summary judgment, but when the trial court denied that motion, the case proceeded to a nonjury trial, which ended in Discover's favor. Brown then filed a motion for new trial, in which he challenged a business records affidavit that Discover had used during the trial. Brown compared the affidavit with newly discovered copies of other documents supposedly signed by the same affiant. Because the signatures on these various documents were disparate, Brown argued that the affidavit in his case was a forgery.

The trial court granted Brown's motion, and the case was reset for a trial by jury. In the new trial, Discover did not introduce a business records affidavit, nor did it rely on any live testimony from the affiant in the earlier case. Instead, Discover called a vendor analyst, who sponsored copies of Brown's cardmember agreement and balance statements. Based on those exhibits and on the vendor analyst's live testimony, the jury found Brown liable to Discover and assessed damages in the amount of the outstanding debt. The trial court rendered judgment based on those findings.

Brown now appeals from that judgment.

## MOTION TO COMPEL

After the trial court granted the motion for new trial, Brown served Discover with additional requests for admissions and a set of interrogatories. With the exception of one question concerning the status of Discover's counsel, all of the requests and interrogatories focused on the circumstances surrounding the allegedly forged affidavit. Discover objected on many grounds, including that Brown's

questions were irrelevant insofar as they would not lead to admissible evidence. Brown then filed a motion with the trial court, seeking leave to conduct additional discovery and to compel Discover's answers.

Brown contends in his first issue that the trial court abused its discretion by denying this motion, but the record does not reveal that the trial court ever made an adverse ruling. In fact, Brown makes the inconsistent assertion in his reply brief that "the trial court did not specifically say why it did not rule on [his] motion for leave to conduct discovery." Because the record does not show an adverse ruling, or a refusal to rule, Brown did not preserve error on this point. *See* Tex. R. App. P. 33.1.

Even if we assumed for the sake of argument that Brown had preserved this point by obtaining an adverse ruling, and that the trial court had actually abused its discretion by denying the motion, Brown could not obtain any relief on appeal unless we concluded that the trial court's error "probably caused the rendition of an improper judgment." *See* Tex. R. App. P. 44.1(a)(1). We cannot make that conclusion on this record because, in the new trial, Discover did not rely on the allegedly forged affidavit or on any other evidence from the affiant.

## MOTION FOR SANCTIONS

After the trial court granted his motion for new trial, Brown also filed a motion for sanctions against Discover. As with the motion for new trial, this motion for sanctions was based on the allegedly forged affidavit. And in support of the motion for sanctions, Brown supplied a "Letter of Opinion" from an individual claiming to be a "Master Handwriting Analyst." The Letter of Opinion was entirely handwritten on notebook paper.

Brown contends in his second issue that the trial court abused its discretion by denying his motion for sanctions, but as with the motion to compel, which we

just discussed in connection with Brown's first issue, the record does not reveal that the trial court ever made an adverse ruling. We accordingly conclude that any error as to this motion has not been preserved. *See* Tex. R. App. P. 33.1.

## MOTION FOR SUMMARY JUDGMENT

Brown filed a motion that he styled as a motion for summary judgment, but in that motion, he did not attempt to conclusively negate an element of Discover's cause of action, nor did he attempt to conclusively establish an affirmative defense. Instead, he sought "to prevent [Discover] from attempting to submit inadmissible business records" with an "untrustworthy" affidavit.

According to Brown, the trial court denied his motion, supposedly because of a typographical error in a notice of hearing. Brown challenges this ruling in his third issue, arguing in several points that Discover nonetheless received sufficient notice. But as with his previous issues, the record does not contain an adverse ruling on the motion for summary judgment. And even if there had been an adverse ruling, Brown was not entitled to judgment as a matter of law on the ground presented in his motion, which merely challenged the admissibility of anticipated evidence. Moreover, because his case proceeded to a full trial on the merits, where no business records affidavit was ever admitted, we cannot conclude that any error in the denial of Brown's motion caused the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a)(1).

## MOTION TO EXCLUDE

In addition to his motion for summary judgment, Brown separately filed a motion to exclude, which also targeted an anticipated business records affidavit. But unlike with his previous motions, the record affirmatively shows that Brown obtained an adverse ruling on this motion during a pretrial hearing.

Brown argued in his motion, and during the pretrial hearing, that the affidavit should be excluded under Rule 803(6)(E) of the Texas Rules of Evidence because the alleged forgery from the earlier trial demonstrated a lack of trustworthiness. Discover responded that the motion was premature because no evidence had yet been proffered. Discover also argued that the motion was irrelevant, insofar as no affidavit would be proffered. The trial court denied the motion, explaining, "We are not going to have a business records affidavit submitted because we are going to hear live testimony today."

Brown then argued during the same pretrial hearing that the cardmember agreement and the billing statements should also be excluded, because they would be offered by counsel whom he negatively associated with the allegedly fraudulent affidavit. The trial court denied this motion as well, explaining that the challenged exhibits would be admitted unless Brown elicited evidence that the exhibits themselves were fraudulent.

When Discover later offered the exhibits into evidence in front of the jury, Brown affirmatively stated that he had no objection.

Brown now argues in his fourth and fifth issues that the trial court abused its discretion by denying his motions.

Insofar as Brown continues to argue in his brief that the affidavit should have been excluded, Brown cannot establish any harm from the trial court's ruling because the affidavit was never offered into evidence. And insofar as Brown challenges the admission of the cardmember agreement and billing statements, Brown waived his argument when he affirmatively advised the trial court that he had no objection to their admission. *See Austin v. Weems*, 337 S.W.3d 415, 425 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("An objecting party who preserves error by obtaining a ruling outside the presence of the jury waives any benefit to [his]

5

objection by affirmatively stating 'no objection' when the evidence is reoffered before the jury.").

## SUFFICIENCY OF THE EVIDENCE

In his final issue, Brown challenges whether the evidence is legally and factually sufficient to support the jury's finding that he entered into an agreement with Discover.

When analyzing the legal sufficiency of the evidence, we review the record in the light most favorable to the challenged finding, crediting favorable evidence if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). The evidence is sufficient to support a finding if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.* at 822. The evidence is insufficient to support a finding only if (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *Id.* at 810.

Discover did not produce a copy of the original cardmember agreement from 2005, when Brown first opened his account. Instead, Discover produced a copy of an amended agreement from 2020, which was in effect at the time of Brown's default.

The 2020 agreement does not contain Brown's signature, but Discover's vendor analyst explained that cardmember agreements are never signed; rather, the agreements are sent directly to the cardmember, and acceptance is achieved through the cardmember's use of the card. The vendor analyst testified that Brown accepted

6

the terms of the original agreement when he completed purchase transactions with the card and made balance transfers to his Discover account from other credit card accounts.

The vendor analyst also explained that cardmembers are given notice of any amendments to the agreement, and that assent to the amendment is implied unless that cardmember affirmatively objects within a specified time period. Based on the vendor analyst's testimony that the 2020 agreement was in effect at the time of Brown's default, a reasonable factfinder could infer that Brown had not objected to the notice of new terms. We accordingly conclude that the evidence is legally sufficient to support the jury's finding that Brown had entered into an agreement with Discover.

When a party challenges the factual sufficiency of a finding for which the party did not bear the burden of proof at trial, we review all of the evidence in a neutral light and will reverse only if the evidence is so contrary to the overwhelming weight of the evidence as to make the judgment clearly wrong and manifestly unjust. *See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998). Under this standard, we may not pass upon the credibility of witnesses or substitute our judgment for that of the factfinder, even if the evidence would clearly support a different result. *Id.* at 407.

Brown has not clearly explained how the evidence is factually insufficient to support the challenged finding. As the appealing party in a factual sufficiency challenge, Brown had the burden of performing a comparative analysis that weighed the pieces of evidence in favor of the finding against the countervailing evidence. *See Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 733 (Tex. 2020) (per curiam). Brown did not perform this analysis or point to any evidence that would negate the vendor analyst's testimony. And considering that

Brown did not put on any evidence at all during the trial, our independent review of the record does not reveal any countervailing evidence. Absent such disputed evidence, we conclude that the evidence is both legally and factually sufficient to support the challenged finding that Brown entered into an agreement with Discover.

## CONCLUSION

The trial court's judgment is affirmed.

/s/ Tracy Christopher
   Chief Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Wilson.